# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK  10017.6702

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number:  (212) 326-3684
wjhine@JonesDay.com

JP006080
766998-610006

September 24, 2014

VIA ECF

The Honorable Jesse M. Furman
The Honorable J. Paul Oetken
United States District Court
  for the Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

   Re: *Muho v. Ball,* Case No. 1:14-cv-07045-JPO;
     *Fletcher v. Ball*, Case No. 1:14-cv-07666-JMF

Dear Judge Furman and Judge Oetken:

  Corinne Ball, not individually but solely in her capacity as chapter 11 trustee (the "Trustee" or "Appellee") of, among others, Soundview Elite Ltd. ("Debtor" or "Soundview Elite"), and Appellee in the above-captioned appeals, by and through her attorneys, Jones Day, respectfully requests to consolidate the Appeals pursuant to Rule 13 of the Rules for the Division of Business Among District Judges, Southern District and establish a common briefing schedule.

## I. BACKGROUND

  On September 24, 2013 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  By Order dated October 16, 2013 (Bankr. Docket No. 40)[1], the Bankruptcy Court directed that the Chapter 11 Cases be procedurally consolidated and jointly administered before the Honorable Robert E. Gerber.

  On January 23, 2014, the Bankruptcy Court entered a bench decision (Bankr. Docket No. 156) which, among other things, authorized and directed the U.S. Trustee to appoint a chapter 11 trustee.  By a notice dated January 31, 2014 (Bankr. Docket No. 160), the U.S. Trustee appointed Corinne Ball to serve as the Trustee in these Chapter 11 Cases.  On February

---

[1] Unless otherwise noted, all citations to docket entries refer to documents filed in the main bankruptcy proceeding, *In re Soundview Elite, et al.*, Ch. 11 Case No. 13-13098 (REG) (Bankr. S.D.N.Y.)

NYI- 524613542v1
ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Jesse M. Furman
Hon. J. Paul Oetken
September 24, 2014
Page 2

3, 2014, the Bankruptcy Court approved the U.S. Trustee's appointment of Corinne Ball as Trustee (Bankr. Docket No. 164).

On July 3, 2014, Gerti Muho ("Muho") filed a motion to remove the Trustee, dismiss this action and other and further relief (the "Muho Motion") (Bankr. Docket No. 291). Alphonse Fletcher, Jr. ("Fletcher," and together with Muho, the "Appellants") also opposed the Muho Motion in substantial part, but seemingly intended to join in Muho's effort to remove the Trustee. On July 30, 2014, Fletcher filed a so-called "Joinder in Part in the Chapter 11 Trustee's Objection to the Motion to Remove Chapter 11 Trustee, Dismiss this Action, and Other and Further Relief" on July 30, 2014 (the "Fletcher Joinder") (Bankr. Docket No. 302). The Trustee filed objections to both the Muho Motion and the Fletcher Joinder (Bankr. Docket Nos. 299 and 303).

On August 6, 2014, the Bankruptcy Court heard oral arguments concerning the Muho Motion, the Fletcher Joinder and the Trustee's objections. By an order dated August 7, 2014, the Bankruptcy Court denied Muho's Motion (Bankr. Docket No. 306) (the "Order").

At that hearing, the Bankruptcy Court found also that the Fletcher Joinder was improperly made, and therefore Judge Gerger refused to rule on it.[2] The purported joinder contained no affirmative request for relief and instead merely joined in the Trustee's objection to the Muho Motion, which the court decided in the Trustee's favor.[3]

---

[2] *See* Transcript regarding Hearing Held on August 6, 2014 at 10:22 a.m. re: Motion filed by Gerti Muho to Remove Chapter 11 Trustee, Dismiss the Action, and Other and Further Relief (Bankr. Docket No. 307), 20:14-21:2.

> MR. HINE: I apologize, Your Honor. Is the joinder motion denied, as well, Mr. Fletcher's?
>
> THE COURT: I had understood the joinder motion to be -- you mean Mr. Fletcher's?
>
> MR. HINE: Yeah.
>
> THE COURT: I had understood that to be mainly disagreeing with Mr. Muho but I don't remember any affirmative relief that was duly brought before me. What was that?
>
> MR. HINE: I don't believe he did, Your Honor. He made some allegations about the trustee and so we wanted to --
>
> THE COURT: Mr. Hine, everybody's making all sorts of accusations about the trustee. Everybody's making accusations about everybody else. I'm not ruling on anything that is not before me in the form of an appropriate motion.

[3] *Id.*

NYI-524613542v1

JONES DAY

Hon. Jesse M. Furman
Hon. J. Paul Oetken
September 24, 2014
Page 3

On August 11, 2014, Muho filed a notice of appeal (Bankr. Docket No. 308) (the "Muho Appeal").  The same day Muho also filed a statement of issues on appeal and designation of items to be included in the record on appeal (Bankr. Docket No. 311).  On August 25, 2014, the Trustee filed counter designation of additional items to be included in the record on appeal (Bankr. Docket No. 323).

Despite not seeking any affirmative relief and the Bankruptcy Court not issuing any ruling in connection with the procedurally improper Fletcher Joinder, on August 21, 2014, Fletcher filed a notice of appeal (Bankr. Docket No. 321) (the "Fletcher Appeal," and together with the Muho Appeal, the "Appeals").  On September 3, 2014, Fletcher filed a statement of issues and designated part of the applicable record (Bankr. Docket No. 328).[4]

The Muho Appeal is now pending before the Honorable J. Paul Oetken, and the Fletcher Appeal is currently pending before the Honorable Jesse M. Furman.  Magistrate Judge Henry B. Pitman has been assigned to both Appeals.

## II.     ARGUMENT

### A.     The Appeals Should Be Consolidated

The Appeals should be consolidated under applicable law in the interests of efficiency and preserving judicial resources.  *See* Fed. R. Civ. P. 42(a).  In addition, Rule 13 of the Rules for the Division of Business Among District Judges, Southern District, provides in relevant part:

> (a)     Determination of Relatedness
> (1)     General Rule.  Subject to the limitations set forth below, a . . . bankruptcy appeal . . . will be deemed related to one or more appeals . . . when the interests of justice and efficiency will be served.  In determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there

---

[4] The Trustee has not filed any counter designations in the Fletcher Appeal because that appeal is improper given that Judge Gerber has determined that Fletcher never filed a proper motion before his court, and therefore he did not rule on it.  In addition, since the Appeals are related the Trustee did not want to duplicate the record in the consolidated action and re-file unnecessary, largely duplicative counter designations.  If the District Court decides to consolidate these Appeals, the Trustee will rely on the designations and counter designations in the Muho Appeal as being equally applicable to the Fletcher Appeal.  If the District Court determines that these Appeals are not related and consolidation is not warranted, the Trustee will promptly file counter-designations in connection with the Fletcher Appeal.

NYI-524613542v1

JONES DAY

Hon. Jesse M. Furman
Hon. J. Paul Oetken
September 24, 2014
Page 4

> would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses. **Bankruptcy appeals are deemed related if they arise from the same order or judgment of the bankruptcy court.** Nothing in this Rule is intended to preclude parties from moving for consolidated proceedings under F. R. Civ. P. 42.
>
> . . .
>
> (b)    Procedure in Regard to Cases Said to be Related
>
> . . .
>
> (3)  A party other than the one filing a . . . bankruptcy appeal . . . that contends its case to be related to another may so advise in writing the judge assigned in its case and request transfer to the judge that the party contends has the related case with the lowest docket number. If the assigned judge believes the case is related under paragraph (a), he or she shall refer the question to the judge having the case with the lowest docket number. In the event the latter judge agrees, the case shall be transferred to that judge unless the Assignment Committee disagrees.

Rules for the Division of Business Among District Judges, Southern District, Rule 13 (emphasis added).

Under these standards, consolidation of the Appeals is appropriate. Under Rule 13, the Appeals are related because they both arise from the same Order from the Bankruptcy Court. In addition, each Appeal addresses the same or related legal issues arising out of a common set of facts. If the Appeals are not consolidated, the parties' and judicial resources would be unnecessarily expended on largely duplicative proceedings. Moreover, if the Appeals are not consolidated, there is a risk of inconsistent and/or contradictory decisions issued by two different judges from the same set of operative facts.

Accordingly, the Trustee respectfully requests that the Appeals be consolidated and assigned to a single district court judge.

**B.    A Common Briefing Schedule Should be Established**

In addition, the Trustee requests that the Court order a consolidated briefing schedule with respect to the Appeals. Muho filed his initial brief in the Muho Appeal on September 17, 2014 (Muho Docket No. 4).[5] The Trustee is currently scheduled to respond to Muho's brief on

---

[5]    The citations to the Muho Docket refers to documents filed in the District Court for the Southern District of New York in the Muho Appeal, Case No. 1:14-cv-07045-JPO (S.D.N.Y.).

NYI-524613542v1

JONES DAY

Hon. Jesse M. Furman
Hon. J. Paul Oetken
September 24, 2014
Page 5


October 1, 2014.  Fletcher has yet to file his initial brief in the Fletcher Appeal; he is scheduled to file it on October 6, 2014.

      To avoid having to respond to Muho and Fletcher separately (with largely duplicative papers), the Trustee requests the following schedule be set for the remainder of the briefings:

- <u>October 3, 2014</u>: Deadline for the Trustee to file counter designations in the Fletcher Appeal (if necessary);

- <u>October 6, 2014</u>: Deadline for Fletcher to file his initial brief;

- <u>October 20, 2014</u>: Deadline for the Trustee to file the Trustee's consolidated response brief; and

- <u>November 3, 2014</u>: Deadline for Muho and Fletcher to file their respective reply briefs.

      For the above-stated reasons, we respectfully request that the court consolidate these Appeals and establish a common briefing schedule as noted above.

                                 Respectfully submitted,

                                 */s/ William J. Hine*

                                 William J. Hine

cc:     Gerti Muho (*via ECF and email*, gm@gmcapital.net)
         Alphonse Fletcher, Jr. (*via ECF and email*, af@fam91.com )

NYI-524613542v1