September 29, 2014

The Honorable J. Paul Oetken
The Honorable Jesse M. Furman
United States District Court
for the Southern District of New York     1:14-cv-07045-JPO
United States Courthouse
40 Foley Square
New York, New York 10007



Re:    Trustee's Letter of September 24, 2014, Re:
       Muho v. Ball, Case No. 1:14-cv-07045-JPO;
       Fletcher v. Ball, Case No. 1:14-cv-07666-JMF

Dear Judge Oetken and Judge Furman:

Appellant Gerti Muho ("**Muho**") respectfully asks this court not to join together his appeal with that of Alphonse "Buddy" Fletcher, Jr. ("**Buddy**"). On September 24, 2014 Corrine Ball ("**Trustee**" or "**Appellee**") by letter requested the joining of Muho's appeal and Buddy's appeal. For the following reasons Muho respectfully requests otherwise. Rather, the two appeals should not be joined and Buddy's appeal should be dismissed as improper.

## Background

Buddy falsified corporate records that Muho has proven false in order to give Buddy false authority to file for bankruptcy on September 24th, 2013. In that Bankruptcy filing Buddy did not make Muho, the true management of the Debtors and the Debtors' SEC registered investment advisor, a party to the bankruptcy action. In addition, Buddy initiated false actions against Muho to escape liability for $200 million in actions Muho had initiated against Buddy on behalf of the Debtors.

In July, Muho moved to dismiss the unauthorized voluntary Chapter 11 filings for being unauthorized, and as a logical necessity Muho requested that the Trustee also be removed from her role of authority with the Debtors—But only as a logical necessity of the cases being unauthorized and in need of dismissal.

Buddy joined Muho's motion in part and to the trustee's opposition in part. What part is unknown, but one assumes Buddy requested that the trustee be removed pursuant to "other cause" and joined the trustee in opposing Muho's showing of Buddy's lack of authority.

## Argument

In his brief Muho makes clear that the Judge erroneously treated Muho's motion as a motion to remove the trustee for "other cause" rather than as a consequence of the Bankruptcy having been filed without authority. Muho appeals that error by the Judge. It is not clear what Buddy appeals.

The trustee agrees that Buddy's appeal is improper, but in an unscrupulous move attempts to join Buddy's improper appeal with Muho's appeal in a further attempt to mislead the court into treating Muho's appeal as one about whether "other cause" exists to remove the trustee other than unauthorized filing of the bankruptcy action itself.

Because Muho disputed Buddy's authority to file for bankruptcy the appeals should not be joined because Muho and Buddy are adverse on factual and legal grounds. This makes a joinder of the appeals impracticable and unnecessarily confuses the issues on appeal.

If Buddy agrees with Muho that Buddy did not have authority and the case should be dismissed as unauthorized filings, then the Trustee does indeed rightfully request the appeals would be joined. But if that is in fact the Trustee's position, then she should more simply recuse

herself and return to Muho the Debtor entities that have been teen from him in this unauthorized action.

If not, Buddy's opposition is more properly joined with the Trustee's opposition to Muho's showing that Buddy lacked authority to file for bankruptcy for the Debtors (the Trustee and Buddy, hereinafter, the "**Co-Conspirators**").

Respectfully Submitted,

September 29, 2014
Gerti Muho,
Appellant.
1100 Biscayne Blvd. 5303
Miami, FL 33132
tel: 212 480 0001 x 117
gm@gmcapital.net