UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                          :
In re                                           :
SOUNDVIEW ELITE LTD., et al.,           :          Bankruptcy No.
                              Debtors,               :           13-13098 (REG)
-------------------------------------------------------------- X        (Jointly Administered)
                                                     :
GERTI MUHO,                                 :
                                   Appellant,           :
                                                     :
                     -v-                               :           14-CV-7045 (JPO)
                                                     :
CORINNE BALL, as Chapter 11 Trustee of   :
SOUNDVIEW ELITE LTD.,                 :
                                   Appellee.            :
-------------------------------------------------------------- X
                                                    :
ALPHONSE FLETCHER, JR.,               :
                                   Appellant,           :
                                                    :
                    -v-                               :           14-CV-7666 (JPO)
                                                    :
CORINNE BALL, as Chapter 11 Trustee of   :             <u>ORDER</u>
SOUNDVIEW ELITE LTD.,                 :
                                   Appellee.            :
-------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

      Before the Court are two appeals from a decision of the United States Bankruptcy Court for the Southern District of New York. On August 7, 2014, that Court denied Gerti Muho's motion to remove the Chapter 11 trustee in this case and dismiss the case. (*In re Soundview Elite*, No. 13-13098 (REG) (Bankr. S.D.N.Y.) ("*Soundview*"), Dkt. No. 306.) Muho, proceeding *pro se*, appeals that decision. (*In re Soundview Elite*, No. 14 Civ. 7045 (S.D.N.Y.) ("*Muho*"), Dkt. No. 4.) Alphonse Fletcher, also proceeding *pro se*, likewise appeals the Bankruptcy Court's refusal to remove the trustee. (*In re Soundview Elite*, No. 14 Civ. 7666 (S.D.N.Y.) ("*Fletcher*"),

Dkt. No. 17.)  This Court consolidated Muho's and Fletcher's appeals.  (*Muho*, Dkt. No. 7.)  For the reasons that follow, the Bankruptcy Court's decision is affirmed.

I.   **Background**

On September 24, 2013, a series of mutual funds including Soundview Elite Ltd. ("the Debtors") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.  (*Soundview*, Dkt. No. 1.)  At the time this petition was filed, Fletcher was the director of the Debtors and was responsible for commencing the bankruptcy proceeding.  (*Id.*, Dkt. No. 2 ¶ 1.)  Muho, a former director, did not object to Fletcher's decision.

Soon after the Chapter 11 case was filed, the United States Trustee requested the appointment of a Chapter 11 trustee, pursuant to 11 U.S.C. § 1104.  (*Id.*, Dkt. No. 82.)  Other interested parties moved for dismissal of the case on the ground that the Chapter 11 filing was not valid.  The Debtors opposed the motions.  (*Id.*, Dkt. No. 104.)  In January 2014, the Bankruptcy Court issued a bench decision holding that the Chapter 11 filing was valid and directing the appointment of a trustee.  (*Id.*, Dkt. No. 156.)  The United States Trustee chose Corinne Ball as Chapter 11 trustee. (*Id.*, Dkt. No. 161.)  There were no objections to this choice, and the Court approved Ball's appointment.  (*Id.*, Dkt. No. 164.)

Five months later, Muho filed a motion to remove Ball and dismiss the case.  (*Id.*, Dkt. No. 291.)  Fletcher filed a "joinder" to Muho's motion in which he argued in support of removing Ball but against dismissing the case.  (*Id.*, Dkt. No. 302.)  After a hearing, the Bankruptcy Court denied the requests to remove the trustee and to dismiss the case on the grounds that these requests were barred by the doctrines of collateral estoppel, law of the case,

and laches, and that, even were they not so barred, they failed on their merits.  (*Id.*, Dkt. Nos. 306 (order), 307 (transcript of proceedings) at 16-21.)  Muho and Fletcher appeal.[1]

## II.     Legal Standard

This Court reviews a "Bankruptcy Court's findings of fact for clear error."  *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000) (citations omitted).  A finding of fact is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made."  *In re Reilly*, 245 B.R. 768, 772 (B.A.P. 2d Cir. 2000) (internal quotation marks omitted).  Questions of law and mixed questions of law and fact are subject to *de novo* review.  *Id.*

## III.    Discussion

### A.     Muho Appeal

Muho has abandoned his argument that the trustee should be removed; he argues only that the Chapter 11 case should be dismissed.  Specifically, he alleges that the bankruptcy petition was improperly filed because he—not Fletcher—was in control of the Debtors at the time of the filing, and therefore Fletcher did not have the authority to file for bankruptcy.[2] (*Muho*, Dkt. No. 4.)  The Bankruptcy Court did not err in holding that Muho's argument is barred by collateral estoppel.

---

[1] Courts generally "construe a *pro se* litigant's pleadings and motions liberally."  *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008).  However, "the degree of solicitude may be lessened" where *pro se* parties are trained in law or skilled in litigation.  *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).  The Court notes Muho's assertion that he graduated from law school in 2012.  (*Muho*, Dkt. No. 4, at 1.)

[2] Muho also makes various allegations of "fraud on the court."  (*Muho*, Dkt. No. 4.)  These allegations, however, appear to be part of Muho's allegations that Fletcher did not have the requisite authority over the Debtors to commence the bankruptcy proceeding.  To the extent that Muho attempts to make other allegations of fraud, they are without evidentiary support.

"Issue preclusion, or collateral estoppel, which applies not to claims or to causes of action as a whole but rather to issues," bars litigation of an issue where "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013) (quoting *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006)). "If all four of the above conditions are met, issue preclusion is applicable even if the two suits are not based on the same cause of action." *Id.* The burden is on the party seeking to apply issue preclusion to show that the issues are identical and were necessarily decided in the prior action; the burden of showing that the prior action did not afford a full and fair opportunity to litigate the issue rests with the party opposing the application of issue preclusion. *Id.*

Here, the Trustee has met her burden of showing that Muho has already raised the exact same argument he raises here, without success, in another case in this district. In *Soundview Elite Ltd. v. Muho*, No. 13 Civ. 6895 (AT) (S.D.N.Y.), Soundview sued Muho and his company, Leveraged Hawk, to recover more than $2 million that Soundview alleged Muho had fraudulently transferred from Soundview to Leveraged Hawk. (Dkt. No. 1.) In that action, Judge Analisa Torres ordered that $2 million of Muho's and Leveraged Hawk's assets be attached. (*Id.*, Dkt. No. 14.) In a motion to dissolve the attachment, Muho made the argument he makes here: that he was the sole party in control of Soundview, and therefore that Fletcher and other parties could not sue in Soundview's name.[3] (*Id.*, Dkt. No. 24.) In rejecting Muho's

---

[3] Muho essentially concedes that the arguments are the same in including with his motion before this Court his filing in the case before Judge Torres. (*Muho*, Dkt. No. 4, Ex. 2.)

4

motion as "frivolous," Judge Torres necessarily rejected this argument. (*Id.*, Dkt. No. 26.) Muho has not met his burden of showing that he was not given a full and fair opportunity to litigate this argument; therefore, he is precluded from raising it here.[4]

Finally, even were Muho's argument not barred by collateral estoppel, it fails on its merits. The Bankruptcy Court's determination that Fletcher, not Muho, was in control of the Debtors when the Chapter 11 case was filed is not clearly erroneous. The court had more than sufficient evidence, including testimony and affidavits of interested parties and Muho's own letter of resignation, to find that Muho had resigned as director of the Debtors over five months before the Chapter 11 case was filed, and therefore had no authority to act on their behalf at the time of the filing. (*Id.*, Direct Testimony/Affidavit of Alphonse Fletcher, Jr., Dkt. No. 299, Ex. E; *id.*, Letters of Resignation of Gerti Muho, Dkt. No. 299, Ex. FF.)

**B.	Fletcher Appeal**

Fletcher also appeals the Bankruptcy Court's refusal to remove the Chapter 11 trustee. (*Id.*, Dkt. No. 302.) The trustee contends that Fletcher's appeal should be dismissed because he failed to timely file and serve his briefs. The Court agrees, and also finds that Fletcher's appeal fails on its merits.

---

[4] Muho also argued in the briefing of *Soundview Elite Ltd. v. Muho*, as he does here, that Judge Torres had a conflict of interest. (No. 13 Civ. 6895, Dkt. No. 40, at 7-8.) Judge Torres necessarily rejected that argument as well when she rejected his motion.
    Moreover, Muho has failed to meet the "substantial burden" to overcome the presumption of judicial impartiality. *See United States v. Hammond*, No. 12 Cr. 185 (LAP), 2013 WL 637007, at *5 (S.D.N.Y. Feb. 21, 2013). The most that Muho alleges is that an alleged family member of Judge Torres was a "co-director . . . on an investment board that has dealings" with Soundview Elite and Fletcher. (No. 13 Civ. 6895, Dkt. No. 40, at 7.) The unsubstantiated and vague allegations in Muho's papers do not plausibly demonstrate that any of Judge Torres's family members had a financial interest in the proceeding. *See* 28 U.S.C. § 455(b)(4); *United States v. Lauersen*, 348 F.3d 329, 334 (2d Cir. 2003).

In a bankruptcy appeal, the "appellant shall serve and file a brief within 14 days after entry of the appeal of the docket" unless the district court "excuses the filing of briefs or specifies different time limits." Fed. R. Bankr. Proc. 8009(a). Failure to adhere to this rule is ground for dismissal. *See In re Hoti Enters., L.P.*, No. 12 Civ. 8030 (VB), 2013 WL 1812197, at *16 (S.D.N.Y. Apr. 26, 2013) (citing *In re Tampa Chain Co.*, 835 F.2d 54, 55 (2d Cir. 1987) (per curiam)). "Whether dismissal is appropriate falls within the discretion of the district court and will be affirmed unless the court has abused its discretion." *Id.* (citing *Balaber-Strauss*, 835 F.2d at 55).

Fletcher filed a notice of appeal on September 22, 2014. (*Fletcher*, Dkt. No. 1.) He did not apply for an extension of time, and the Court did not give him an extension, and therefore he was required to file his brief by October 6, 2014. He failed to do so. (*Id.* Dkt. No. 17.) His "procedural default is not excused by his status as a pro se litigant." *In re Hoti Enters.*, 2013 WL 1812197, at *16 (citing *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995)). This is particularly true where, as here, Fletcher has already been apprised of the need to file papers with this Court in a timely manner. *See In re Soundview Elite Ltd.*, 512 B.R. 155, 159 (S.D.N.Y. Apr. 23, 2014) (dismissing the appeal due to Fletcher's failure to timely file a notice of appeal).

Further, the Court has reviewed Fletcher's appellate brief and determines that it contains no reason to reverse the Bankruptcy Court's refusal to remove the Chapter 11 trustee. Fletcher argues on appeal, as he argued below, that Trustee Ball is not a disinterested party. The Bankruptcy Court rejected this argument on the ground that it is barred by the doctrines of laches, law of the case, and collateral estoppel. (*Soundview*, Dkt. No. 307, at 18-19.) This determination was not an abuse of discretion. *In re Drexel Burnham Lambert Grp., Inc.*, 157 B.R. 532, 538 (S.D.N.Y. 1993) ("A court's application of laches may be 'overturned only when

it is said to constitute an abuse of discretion.'" (quoting *Stone v. Williams*, 873 F.2d 620, 623 (2d Cir.), *vacated on other grounds on reh'g*, 891 F.2d 401 (2d Cir. 1989)). "The doctrine of laches 'asks whether the plaintiff in asserting her rights was guilty of unreasonable delay that prejudiced the defendants.'" *Id.* (quoting *Stone*, 873 F.2d at 623). Ball was nominated to be the trustee in January 2014, and yet Fletcher waited five months to challenge her appointment on the ground that she is not a disinterested party.[5] He gives no reason for his delay here, and gave no reason below. The Bankruptcy Court did not abuse its discretion in holding that removing the trustee now would prejudice the creditors in the bankruptcy proceeding, who have "rightfully relied on the ability of the trustee to do her job." (*Soundview*, Dkt. No. 307, at 18.)

Finally, Fletcher's argument as to why Trustee Ball should be removed fails on its merits. Section 324(a) of the Bankruptcy Code provides that the Bankruptcy Court "may remove a trustee, other than the United States Trustee, or an examiner, for cause." 11 U.S.C. § 324(a). Fletcher argues that Ball should be removed because she is not a disinterested party; in so arguing, however, he alleges only vague and unsupported "connections" between Ball and the law firm she is employed by, Jones Day, and various parties he is personally in conflict with in a civil action brought by him against a Manhattan co-op board. (*Fletcher*, Dkt. No. 17, at 7-9.) "Grounds for disapproval or removal of a trustee in bankruptcy are not to be found in his formal relationships. 'We have traditionally stressed the elements of fraud and actual injury to the debtor's interests.'" *In re Freeport Italian Bakery, Inc.*, 340 F.2d 50, 54 (2d Cir. 1965) (quoting *Schwartz v. Mills*, 192 F.2d 727, 729 (2d Cir. 1951)). Fletcher has failed to make an adequate

---

[5] Fletcher objected to and appealed the appointment of a Chapter 11 trustee as a general matter, and the Court dismissed this appeal as untimely. *See In re Soundview Elite Ltd.*, 512 B.R. 155, 159 (S.D.N.Y. Apr. 23, 2014). Fletcher did not, however, object to Ball in particular. (*Soundview*, Dkt. No. 172.)

showing of fraud, let alone actual injury to the Debtors from Ball's position as trustee. More fundamentally, Fletcher has failed to show how the interests involved in his personal conflict with the co-op board are relevant to the interests of the Debtors and Creditors in this case.[6]

## IV. Conclusion

For the foregoing reasons, the Bankruptcy Court's decision of August 7, 2014 is AFFIRMED. The Court denies the Chapter 11 trustee's request for attorney's fees and expenses associated with this appeal. The Clerk of Court is directed to close cases 14 Civ. 7666 and 14 Civ. 7045.

SO ORDERED.

Dated: December 11, 2014
        New York, New York

_____
J. PAUL OETKEN
United States District Judge

COPY MAILED TO PRO SE PARTY

---

[6] Fletcher also alleges that the professionals employed by Trustee Ball in this case—specifically, the counsel and financial advisor—are not disinterested because they have relationships with parties associated with Fletcher's dispute with the Manhattan co-op board. The relationships he alleges as to these parties, however, are equally attenuated and unsupported as are the relationships he alleges as to Ball. Moreover, he has not shown, as he must, that these parties "hold or represent[] interest[s] adverse *to the estate*," 11 U.S.C. 327(a) (emphasis added), and that these interests are relevant to the issues involved in the bankruptcy proceeding, *In re AroChem Corp.*, 176 F.3d 610, 625 (2d Cir. 1999) ("Most important, [] appellants have failed to offer any evidence that any potential claims against [counsel retained by the trustee] are relevant to the matters to be litigated in the [action before the court], so as to create an interest that is adverse to the Estates with respect to that action.").

8